## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | With Jury Demand Endorsed Hereon |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, John Cole, and for his Complaint against the Defendant, Wells Fargo Bank, N.A., Plaintiff alleges as follows:

## INTRODUCTION

1.      This is an action for actual, statutory, and punitive damages brought by Plaintiff against Defendants for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2.      John Cole ("Plaintiff") is a natural person that resides in Overland Park, Kansas.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4.      Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association that, among other activities, provides lines of credit, including credit cards, to Kansas consumers.

5. Wells Fargo is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

7. Venue in this District is proper because Plaintiff resides in this District, Defendant transacts business in this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

8. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

9. In October 2012, Plaintiff and his wife opened a joint credit card account with Wells Fargo that they used for various home improvement projects.

10. Plaintiff dutifully made the payments as agreed on the credit line, never missing a required payment.

11. In approximately 2015, Plaintiff and his wife finalized divorce proceedings.

12. Shortly after the divorce was finalized, Plaintiff's wife filed for protection under Chapter 7 of the Bankruptcy Code.

13. The Wells Fargo account was included in Plaintiff's wife's bankruptcy petition.

14. Plaintiff continued to pay the Wells Fargo account as agreed.

15. However, in approximately September 2016, Wells Fargo began reporting inaccurate and derogatory information about the Wells Fargo account on Plaintiff's credit reports.

16. Wells Fargo seemed to be reporting the account as if Plaintiff had filed bankruptcy.

17.     In October 2017, Plaintiff retained an attorney to try and resolve the issue.

18.     Plaintiff's attorney outlined Wells Fargo's mistakes in a letter sent to Wells Fargo's complaint department, namely, that Wells Fargo was mistakenly treating Plaintiff as if he had filed bankruptcy and reporting this inaccurate bankruptcy information to Plaintiff's credit report.

19.     However, Wells Fargo did not respond to Plaintiff's attorney and took no corrective action.

20.     Plaintiff, unsure of what to do, felt helpless to correct the issue.

21.     Wells Fargo's inaccurate reporting was significantly harming Plaintiff's credit scores.

22.     Plaintiff remained determined to resolve this issue so he could move forward with his life.

23.     He repeatedly attempting to resolve the issue with Wells Fargo.

24.     Eventually, in November 2019, Plaintiff decided that the next step was to challenge the credit reporting through the consumer reporting agencies, Equifax, Experian and Trans Union.

25.     In December 2019, each of the CRAs responded by letter to Plaintiff.  Each CRA responded essentially the same, stating that Wells Fargo had "verified" the accuracy of the information reporting to Plaintiff's credit report.

26.     Plaintiff was angry after receiving the CRAs' responses.  How could they still be reporting the Wells Fargo account as derogatory when the payment history indicated the account had been paid as agreed?  Did Wells Fargo actually conduct any investigation?

27.     Plaintiff wrote three (6) additional dispute letters to the CRAs regarding the inaccurate reporting in January 2020, February 2020, and March 2020.

28.     Despite Plaintiff's repeated efforts, the inaccurate information continued to report on Plaintiff's credit reports.

29.     Upon information and belief, Wells Fargo continued to instruct the CRAs to report the derogatory account information.

30.     Plaintiff fears that, absent litigation, his credit reports will continue to reflect the inaccurate information.

31.     As a result of Wells Fargo's violations of the FCRA, Plaintiff suffered and continues to suffer actual damages, including denial of credit, loss of credit opportunity, damage to his reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury, in addition to the statutory damages in an amount to be determined by the Court.

## FIRST CLAIM FOR RELIEF

### Negligent and Willful Violations of 15 U.S.C. § 1681s-*2* by Wells Fargo

32.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

33.     Wells Fargo is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

34.     Furnishers of credit information have duties under the FCRA, specifically 15 U.S.C. § 1681s-2(b)(1), to investigate disputes initiated from consumers to CRAs as to the accuracy of information reported about them by the furnisher.

35.     On at least four (4) occasions, namely, November 23, 2019, January 14, 2020, February 19, 2020, and finally March 26, 2020, Plaintiff contacted the CRAs specifically to dispute the accuracy of the derogatory Wells Fargo account being reported.

36.     Plaintiff specifically advised the CRAs on each occasion that the information being reported was false, provided all necessary information to the CRAs to support his dispute, and requested the false information be deleted or updated accordingly.

37.     Upon information and belief, and pursuant to 15 U.S.C. § 1681i(a)(2), Wells Fargo received notification of these disputes from the CRAs.

38.     Nevertheless, the inaccurate Wells Fargo account information was allowed to remain on Plaintiff's credit report under the guise that Wells Fargo had "verified" the information as true.

39.     Either Wells Fargo conducted no real investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow confirmed information known to be false and highly damaging to remain in Plaintiff's credit file.

40.     Wells Fargo's failures in this regard are exacerbated by the sheer number of times Wells Fargo was contacted about this particular account.

41.     Wells Fargo's failures in this regard are exacerbated by the fact that Plaintiff personally contacted Wells Fargo on numerous occasions to dispute this false information.

42.     By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Wells Fargo negligently and/or willfully violated § 1681s-2(b)(1) with respect to each dispute lodged by Plaintiff.

43.     As a direct and proximate result of Wells Fargo's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1681o.

44.     Wells Fargo's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Wells Fargo, pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE** Plaintiff prays for judgment in his favor and against Wells Fargo, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable in this lawsuit.


Respectfully submitted,


/s/ Andrew M. Esselman
Andrew M. Esselman #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Telephone: 816-246-7800
Facsimile: 855-523-6884
Email:  andrewe@creditlawcenter.com
**Counsel for Plaintiff**